*197 Opinion of the Court, b,y
Judge Mills.
FOR two orphans, the county court appointed two joint guardians, and took from them a joint bond, conditioned in the usual form. One of these orphans died, an,d his heirs joined with the surviver as relators in this action on the guardian’s bond, to recover the amount of the estate in the guardian’s hands, and obtained a verdict and judgment, to reverse which, this writ of error is prosecuted.
We are of opinion the action cannot be sustained. The relators stand as real plaintiffs, and if their interest is not of the same character as that of plaintiffs, or is not such as would permit plaintiffs to join, they’cannot unite in this action.
Whether the estate in the hands of the guardian ought not to be considered as several, so that each heir must bring a separate action for his part, although the bond is joint, is a question we need not now decide; because there is another objection to (he union oftbe parties here, which must be fatal.
It is evident,- that on the death pf the deceased ward in this case, the estate, being all of a personal nature, must and would pass to his personal representative, and not to the heirs at law. The former must baye the legal right, and, of course, the title to all legal *198 remedies, touching the estate. The latter could have nothing more than an equity, and must come at the legal estate through (he hands of the personal representative. It is,.then, evident that they were not entitled to this action, and could not join in it with the surviver, and the court below erred in overruling the motion in arrest of judgment, made on this ground» „
Crittenden, for plaintiff.
The judgment must, therefore, he reversed with costs, and tiic cause be remanded, with directions to dismiss the suit with costs.